UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24227-CIV-GAYLES/WHITE

**LUIS GERARDO
ARDILLA CALDERON**,

      Petitioner,

vs.

**JULIE L. JONES**,

      Respondent.
_____/

## AMENDED ORDER
## AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS MATTER** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 5] entered on November 19, 2015. Petitioner Luis Ardilla Calderon filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 10, 2015. [ECF No. 1]. The matter was referred to Judge White, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends that the Court dismiss this petition. [ECF No. 5 at 5]. Petitioner filed his Objection to Report of Magistrate on December 7, 2015, in which he argues that AEDPA does not apply to his case, which occurred in 1990. [ECF No. 8]. Petitioner additionally submitted a Petition to Reopen Case [ECF No. 9] on December 18, 2015, because the Court had closed his case on October 8, 2015 [ECF No. 6], before receiving his filed Objection. Petitioner correctly asserts that his objections were timely filed, so the Court now addresses his claims.[1]

---

[1] As the Court herein considers Petitioner's objections, the motion to reopen the case [ECF No. 9] is denied as moot.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has made a *de novo* review of the record, including the Report, Petitioner's objections, and the relevant legal authority, and hereby overrules Petitioner's objections.

In his Petition for Writ of Habeas Corpus, Petitioner argues that he "was falsely accused, identified, jailed, and imprisoned, for an offense which evidence proves that such offense did not take place or that petitioner did not commit" and that he "is actually and factually innocent of the offense." [ECF No. 1 at 3]. This is a subsequent petition for writ of habeas corpus, as Petitioner previously attacked his conviction in this Court, which denied that petition on April 12, 1994. [ECF No. 5 at 3]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires an order from a three-judge panel of the court of appeals in order for a second or successive application for writ of habeas corpus to be filed in the district court. 28 U.S.C. § 2244(b)(3)(A). Without such an order allowing the successive application, the district court is "without jurisdiction to entertain it." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Petitioner now argues that because AEDPA was not signed into law until April 24, 1996, after his conviction and previous habeas petition, AEDPA does not apply to his cause of action. [ECF No. 8 at 1]. Petitioner filed the instant petition on November 10, 2015, nearly ten years after AEDPA became effective. [ECF No. 1]. Petitioner's argument that the § 2244(b)(3)(A) gatekeeping provision that was in place on the date of filing his current petition somehow does not apply to him is incorrect, as the provision was in effect on the filing date. Additionally, Petitioner's argument fails because the provision is a procedural requirement. AEDPA's procedural requirement—that an applicant seek authorization from a court of appeals before filing a successive petition—is distinct from AEDPA's substantive requirements for such

petitions. *Goldblum v. Klem*, 510 F.3d 204, 217 (3d Cir. 2007). The procedural requirement "applied retroactively as it was a rule of procedure that did not 'attach new legal consequences to events completed before its enactment.'" *Id.* (quoting *In re Minarik*, 166 F.3d 591, 599–600 (3d Cir. 1999)). The fact that Petitioner's conviction occurred prior to 1996 is of no consequence to the application of § 2244(b)(3)(A) here.

This Court agrees with the analysis and recommendations stated in Judge White's Report. Petitioner's Objection to Report of Magistrate [ECF No. 8] is **OVERRULED**. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 5]** is **AFFIRMED AND ADOPTED** as follows:

1. Luis Gerardo Ardilla Calderon's Petition **[ECF No. 1]** is **DISMISSED without prejudice**.
2. A certificate of appealability shall not issue.
3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record